IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT COLUMBIA

_____

ROBERT FRENCH and
CONNIE FRENCH,
as Co-Guardians of the person of
CHRISTOPHER FRENCH, and
COMMUNITY FIRST TRUST COMPANY,
Guardian of the Estate of
CHRISTOPHER FRENCH,

    Plaintiffs,

vs.

No._____
JURY DEMAND

UNITED VAN LINES, LLC,
ARMSTRONG RELOCATION CO., INC.--
RALEIGH, NORTH CAROLINA and
JAMES RICHARDSON,

    Defendants.

_____

## COMPLAINT
_____

COME NOW the Plaintiffs, Robert French and Connie French, as Co-Guardians of the person of Christopher French, and Community First Trust Company, Guardian of the Estate of Christopher French, through their attorneys of record, to sue the Defendants United Van Lines, LLC, Armstrong Relocation Co., Inc. -- Raleigh, North Carolina, and James Richardson, and for their claims for relief states as follows:

1

## PARTIES

1. Plaintiffs Robert French and Connie French, are adult resident citizens of the State of Arkansas, Robert French is natural father of Christopher French, an incompetent adult, Connie French is the step-mother of Christopher French. Robert French and Connie French have been appointed as Co-Guardians of the person of Christopher French.

2. Plaintiff Community First Trust Company is a for-profit corporation organized and existing under the laws of the State of Arkansas with its principal office located in Hot Springs, Arkansas, and has been appointed as the Guardian of the Estate of Christopher French.

3. Upon information and belief, Defendant United Van Lines, LLC ("United Van Lines") is a foreign, for-profit corporation organized and existing under the laws of Missouri with a principal office located at 1 United Drive, Fenton, Missouri 63026. United Van Lines is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety administration, No. 77949. As stated in recent MCS-150 filings[1], United Van Lines has 4,247 trucks and 4,235 drivers operating on interstate highways. United Van Lines may be served process by serving its BOC-3 registered agent for service of process,

---

[1] MCS-150 refers to the form number of a mandatory filing with the Federal Motor Carrier Safety Administration for registered motor carriers.

American Moving and Storage Association, c/o Roland M Lowell, 7135 Centennial Place, Nashville, TN 37209-1033.

4. Defendant Armstrong Relocation CO., INC. - Raleigh, North Carolina ("Armstrong Relocation"), on information and belief is a foreign, for-profit corporation organized and existing under the laws of North Carolina 27703. Armstrong Relocation is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No. 1071807. According to recent MCS-150 filings, Armstrong Relocation has 29 trucks and 29 drivers operation on interstate highways. Armstrong Relocation may be served process by serving its BOC-3 registered agent for service of process, American Moving and Storage Association, c/o Roland M Lowell, 7135 Centennial Place, Nashville, TN 37209-1033.

5. Defendant, James Richardson ("Defendant Richardson") ("Defendants" collectively), on information and belief, is a citizen and resident of Raleigh, North Carolina and can be served process at 2913 Snowberry Drive, Raleigh, North Carolina 27610.

6. Plaintiff is informed and believes and alleges that at all times herein, Defendant Richardson was an agent, servant, employee, statutory employee of Defendants United Van Lines and Armstrong Relocation, jointly, and was at all times relevant, acting within the purpose and scope of said agency and

3

employment and with the knowledge, consent and ratification of Defendants United Van Lines and Armstrong Relocation, jointly, and was at all times relevant, acting within the purpose and scope of said agency and employment and with the knowledge, consent and ratification of Defendants United Van Lines and Armstrong Relocation, as joint-employers.

## Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 28 USC 1332 (a) (1)-(2) ("diversity jurisdiction"). Many of the acts complained of occurred in this District. The amount in controversy is in excess of $75,000 exclusive of costs and interest.

## Facts

8. On or before June 19, 2020, Defendants United Van Lines and Armstrong Relocation had promulgated practices, policies and procedures regarding safety of the motoring public as motor carriers. These policies, practices, and procedures were formed and implemented from the corporate headquarters of these respective Defendants in Missouri and/or North Carolina. The decisions made by these Defendants did have direct cause bearing on the preventability of the crash that forms the basis of the claims before this Court, specifically including the policies, practices, and procedures and the implementation of the same regarding distracted and fatigued driving as related to their fleets of thousands of large trucks that travel over interstates across the United States.

9. On June 19, 2020 at or near 3:45 p.m., Defendant Richardson operated a 2016 Freightliner tractor - trailer, VIN 3AKJGLD50GSGX7954, which was fully loaded ("Truck"), within the course and scope of his employment and/or as agent and/or as statutory employee of Defendants United Van Lines and Armstrong Relocation.

10. On information and belief, the gross vehicle weight of the Truck was up to 80,000 pounds. While operation the truck and in the time before the crash, Defendant Richards was fatigued and/or distracted by cell phone, eating, or similar electronic device, such that his mere operation of the Truck at that time and while distracted created a foreseeable increased the risk of harm to the motoring public.

11. The Truck operated by Defendant Richardson was a commercial vehicle with a gross vehicle weight in excess of 10,001 pounds, involved in interstate commerce and thus subject to compliance with the Federal Motor Carrier Safety Regulations ("FMCSR") and applicable Tennessee laws governing the operation of commercial trucks.

12. Defendant Richardson was operating the Truck eastbound on Interstate 40 near mile marker 152 in Hickman County, Tennessee. As he approached traffic that had stopped or slowed, Defendant Richardson was inattentive due to fatigue/distraction or both. The Truck abruptly crossed the median traveling into the lanes of westbound travel on Interstate 40.

13. At or near the same time, John Middleton was traveling westbound on Interstate 40 in a 2018 Chevrolet SLV ("Chevy"), in which Christopher French was a passenger. The Truck slammed into the vehicle of John Middleton and another vehicle.

14. The Truck and its trailer overturned and blocked westbound traffic on I-40.

15. After overturning, the Truck came to rest at an angle across the eastbound lane of Interstate 40.

16. Christopher French was severely and permanently injured as a result of the crash.

Count I- Negligence/Negligent Hiring/Retention/Entrustment

(United Van Lines and Armstrong Relocation)

17. Plaintiffs incorporate by reference the allegations set forth above, as if set forth verbatim.

18. At all times herein, Defendants United Van Lines and Armstrong Relocation, negligently, carelessly, recklessly and unlawfully hired, retained, trained, and supervised their agents, employees, servants and/or independent contractors who they assigned to operate, drive, and control said vehicles, in that, among other things, Defendants knew or should have known that said persons were

unfit for the specific tasks to be performed during the course and scope of their employment and or agency, namely the safe operation of said vehicles.

19. At all times herein, Defendants United Van Lines and Armstrong Relocation owned a duty to the public and Plaintiff not to allow an unfit, driver who was unqualified, fatigued, distracted or in excess of the maximum allowable hours of service. Defendants United Van Lines and Armstrong Relocation had duties to promulgate and enforce adequate policies and procedures to prevent these unsafe acts.

20. At all times material hereto, Defendants United Van Lines and Armstrong Relocation, and each of them, so negligently, carelessly, recklessly and unlawfully owned, drove, entrusted, controlled and otherwise so negligently operated said vehicles so as to cause a collision, thereby proximately and legally causing the injuries of Christopher French as hereinafter enumerated. Defendants United Van Lines and Armstrong Relocation owed duties to exercise reasonable care in the hiring, training and supervision of employees and drivers, including Defendant Richardson, in the operation of trucks to avoid causing injuries to others, and to promulgate and enforce policies, procedures and rules to those ends. These duties included the duties to comply with the common law, the Federal Motor Carrier Safety Regulations, industry standards and the relevant provisions of State law and regulations. 49 C.F.R. 383, 386, 390, 391, 392, and 395.

21. Defendants United Van Lines and Armstrong Relocation breached the duties they owed to Christopher French by committing one or more of the following acts of negligence:

   a. Failing to properly hire safe, qualified drivers for operation of commercial trucks, including Richardson;

   b. failing to properly supervise and train drivers for operation of commercial trucks, including Richardson;

   c. negligently retaining drivers, including Richardson;

   d. negligently entrusting drivers, including Richardson;

   e. negligently allowing encouraging and/or aiding and abetting Richardson to operate a commercial interstate tractor-trailer while fatigued, asleep or in excess the allowable hours of operation thereof and/or distracted by electronic devices cell-phones or eating;

   f. negligently failing to have proper procedures or policies in place or promulgated for the monitoring of driver hours, including Richardson, to prevent drivers from operating tractor-trailers while fatigued and/or distracted thought the use of cell phones or other devices; and

   g. otherwise failing to use reasonable care.

    h.      allowing their driver Richardson to carry a passenger with him that violated Defendant companies policies and caused continuous dangerous distraction.

22.    The failures and negligence of Defendants United Van Lines and Armstrong Relocation legally caused the damages to Plaintiffs as set forth more fully below.

Count II- Negligence, Negligence Per Se, Respondeat Superior/Agency

23.    Plaintiffs reallege the foregoing paragraphs as if restated verbatim.

24.    Defendant Richardson was negligent (for which United Van Lines and Armstrong Relocation are liable under agency theory) and failed to use reasonable care by committing one or more of the following acts or omissions:

    a.      Negligently and carelessly operating a tractor-trailer without keeping a safe and proper lookout for the other vehicles on the roadway;

    b.      operating an interstate tractor-trailer while fatigued, asleep or in excess of the maximum allowable hours of service and/or distracted by cell-phone or other similar electronic devices;

    c.      failing to avoid a collision, when in the exercise of reasonable care, the collision could have been avoided by Defendants;

    d.      operating a tractor-trailer with disregard for the safety of others including Christopher French; and

  e.  otherwise failing to exercise reasonable care.

  f.  carrying an unauthorized passenger that was a continuous distraction.

25. Defendant Richardson was also negligent *per se* (for which Defendants United Van Lines and Armstrong Relocation are liable) based on the following violations of the Tenn. Code Ann. (which were in effect at all relevant times) of which Christopher French was a member of the class intended by the statutes to protect and which was in full force and effect on the date in question: Tenn. Code. Ann. §55-8-103 Required obedience to traffic laws; Tenn. Code. Ann. §55-8-123 Driving on Roadways Laned for Traffic; Tenn. Code Ann. §55-8-124 Following too closely; Tenn. Code Ann. §55-8-136 Drivers to exercise due care; Tenn. Code Ann. §55-8-152 Speed limits; Tenn. Code Ann. §55-8-156; Prohibited Uses of Wireless Telecommunications Devices; Tenn. Code Ann. §55-8-205 Reckless Driving; and 49 C.F.R. 392.

26. The failures, negligence and negligence per se of Defendant Richardson (for which United Van Lines and Armstrong Relocation are vicariously liable) were the proximate and legal cause of the injuries and damages to Plaintiffs that are more fully set forth below.

Count III- Joint Statutory Employment
(Defendants United Van Lines and Armstrong Relocation)

27. Plaintiffs reallege each of the foregoing paragraphs as if restated verbatim.

28. The Defendants had entered an arrangement to transport property using equipment not owned by them as motor carriers, as contemplated by 49 U.S.C §14102(a). Under 49 C.F.R. §376.12(c), motor carrier(s) shall "have exclusive possession, control, and use of the equipment" and "shall assume complete responsibility for the operation of the equipment."

29. Defendants United Van Lines and Armstrong Relocation are, thus, joint statutory employers of Defendant Richardson and are jointly liable for his acts, omissions, negligence, and negligence *per se* that proximately and legally caused Plaintiffs damages, that are set forth more fully below.

## COUNT IV-- DECLARATORY RELIEF / CONFLICT OF LAWS

30. Plaintiffs reallege each of the foregoing paragraphs as if restated verbatim.

31. A conflict of laws exists as to application of Tennessee Code Ann. §29-39-102. Defendants United Van Lines and/or Armstrong Relocation made all of the key decisions regarding their policies, implementation of those policies, hiring decisions, and entrustment decisions from their corporate headquarters that are located in the State of Missouri and the State of North Carolina, respectively. Neither North Carolina nor Missouri recognize limitations on non-economic damages. As a result, any purported limitation on non-economic damages under Tennessee law is inapplicable before this Court. Plaintiff seeks declaratory relief

under the principals espoused in Restatement 2d of Conflict of Laws, §§ 6 and 146 as either of the states where the hiring, retention, entrustment, and supervision occurred have more significant relations than the incidental travel by the Defendant's truck through this State on the Federal Interstate System.

32. Plaintiffs seek declaratory relief that Tennessee Code Ann. §29-39-102 does not apply in this case to limit the damages in any amount whatsoever and the Court shall not reduce any verdict received by Plaintiffs at trial, or, alternatively and pending discovery, that one of the enumerated exceptions found at Tennessee Code Ann. §29-39-102(h) apply.

## INJURIES AND DAMAGES

33. Plaintiffs re-allege the foregoing paragraphs as if restated verbatim.

34. The conduct of the Defendants was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton, and in such total disregard for the safety of others that an award for punitive damages is necessary to deter such conduct in the future. As a result of the foregoing, in addition to compensatory damages, Plaintiff is entitled to recover punitive damages from Defendants and in order to deter Defendants and similarly situated third parties from committing the same or similar misconduct that endangers the general safety of the public. As a proximate and legal result of the aforesaid negligence, gross negligence, negligence *per se* and/or recklessness of the Defendants, Christopher

French suffered and sustained severe, serious pain, shock, fright, suffering, mental anguish, and injuries, which are permanent. As a result of their acts, the Defendants are liable for the pain and suffering of Christopher French. There was no act of negligence by Christopher French that was a cause or that contributed to the wreck. At the time of his injury, Christopher French was strong, able-bodied, and gainfully employed.

35. As a direct and proximate result of Defendants' wrongful conduct as previously alleged herein, Christopher French sustained physical and mental pain and anguish, and other loss, for which Plaintiffs are entitled to recover compensatory damages against Defendants United Van Lines, Armstrong Relocation, and James Richardson both jointly and severally.

36. Defendants are liable for the full amount of economic and non-economic damages recoverable under the law for the severe permanent injury of Christopher French.

37. Defendants are liable for the economic/non-economic damages suffered by Christopher French, and all other damages recoverable under the law and equity. The acts complained of legally caused Plaintiffs' injuries and damages including, but not limited to:

    a. The loss of earning capacity of Christopher French;

    b. Past medical expenses;

c. Lost income in the past;

d. Past neurorestorative and support srvices;

e. Future neurorestorative and support services;

f. Future medical expenses;

g. mental and physical pain and suffering endured by Christopher French, from the moment of impact to present.

WHEREFORE, Plaintiffs, Robert French and Connie French, as Co-Guardians of the person of Christopher French, and Community First Trust Company, Guardian of the Estate of Christopher French, by and through their attorneys, pray that the following relief be granted:

a. a trial by jury;

b. for a Summons and Complaint to issue against the Defendants;

c. for judgment of compensatory damages for personal injury against Defendants United Van Lines, Armstrong Relocation, and James Richardson, and each of them jointly and/or severally in an amount of economic and non-economic damages the jury believes to be just, fair, and equitable, given the facts and after hearing the evidence in an amount greater than the amount necessary for Federal Jurisdiction based on diversity of citizenship;

d. declaratory relief of that Tennessee Code Ann. §29-39-102 does not operate to reduce or diminish any damages under conflict of laws principals

espoused under Restatement 2d Conflict of Laws, §§ 6 and 146, or alternatively and pending discovery that one or more of the enumerated exceptions under Tennessee Code Ann. §29-39-102(h) apply.

  f. for judgment of punitive damages against Defendants United Van Lines, Armstrong Relocation, and James Richardson;

  g. for court costs, discretionary costs; and

  h. for all other and further relief as this Honorable Court deems just and equitable.

WHEREFORE, Plaintiffs further request that all the issues in this case be tried before a jury of six (6) duly qualified and impaneled citizens of our community.

          Respectfully submitted,

          Robert French and Connie French, as Co-Guardians of the person of Christopher French, and Community First Trust Company, Guardian of the Estate of Christopher French, Plaintiffs

          BY: <u>s/ James E. Blount, IV</u>
          James E. Blount, IV
          Attorney at Law
          P. O. Box 1420
          Cordova, TN  38088
          (901) 529-9377
          Tennessee Bar # 19301
          E-Mail:jimmy@blountfirm.com