IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| ROBERT FRENCH and CONNIE FRENCH as Co-Guardians of the Person of Christopher French and COMMUNITY FIRST TRUST COMPANY as Guardian of the Estate of Christopher French | )<br>)<br>)<br>)<br>)<br>)<br>) |
| v. | ) Case No. 1:21-cv-00027 |
| UNITED VAN LINES, LLC, ARMSTRONG RELOCATION COMPANY, INC. – RALEIGH, NORTH CAROLINA, and JAMES RICHARDSON | )<br>)<br>)<br>)<br>) |

To: The Honorable William L. Campbell, Jr., United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

Pending before the Court are two post-trial motions: (1) the motion filed by James Blount, attorney of record for Plaintiffs Robert French and Connie French as Co-Guardians of the person of Christopher French and Community First Trust Bank as Guardian of the Estate of Christopher French (the "Plaintiffs"), for relief from final judgment, to *strike pro hac vice* admissions of Attorneys Travis R. Berry, John Richard Byrd, Sr., and John Richard Byrd, Jr., to amend complaint, for preliminary injunction, for writ of attachment, for disgorgement of fees and expense reimbursements, to seal documents and for protective order, and to require deposit of proceeds into the registry of the Court (the "Blount Motion") (Docket No. 73) and (2) the motion of Travis R. Berry, J. Richard Byrd, Sr., and John Richard Byrd, Jr., also attorneys of Records for Plaintiffs, filed on behalf of Plaintiffs, to strike the motion filed by James Blount (the "motion to

strike") (Docket No. 76). These motions were referred to the undersigned. (Docket No. 78.) For the reasons that follow the Court respectfully recommends that the Blount Motion (Docket No. 73) be DENIED and the motion to strike (Docket No. 76) therefore be DENIED as moot.

## I. BACKGROUND

### A. Relevant Factual Background and Procedural History.[1]

The instant lawsuit, filed on April 28, 2021, involves a vehicular traffic event that occurred on June 19, 2020, in Hickman County, Tennessee, in which Christopher French was a passenger in a vehicle that collided with a tractor-trailer driven by James Richardson, as an independent contractor for Armstrong Relocation Co., Inc. – Raleigh, North Carolina, under the USDOT operating authority of United Van Lines, LLC. After a contentious several months of litigation, the parties notified the Court, on January 27, 2022, that the case had settled. (Docket No. 70.) On February 7, 2022, the parties filed a joint stipulation of dismissal, which stated, in full:

> Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiffs Robert French and Connie French, as Co-Guardians of the person of Christopher French, and Community First Trust Company, Guardian of the Estate of Christopher French and Defendants United Van Lines, LLC, Armstrong Relocation Co., Inc.-Raleigh, North Carolina, and James Richardson state that all matters and issues in controversy that were or could have been raised by and between them in connection with the above-captioned case have been resolved, and do hereby stipulate to the dismissal of this action with prejudice.
>
> The parties stipulate to the entry of an Order dismissing this action with prejudice without an award of attorneys' fees, expenses, or costs to any party.

---

[1] Familiarity with the case is presumed and only those facts necessary to explain or give context to this Report and Recommendation are recited. Unless otherwise noted, the underlying facts, which are taken from the record, are largely undisputed or, if disputed, are not critical to the outcome of the instant dispute due to the settlement of this litigation before trial.

(Docket No. 71.) Based on the parties' joint stipulation, the Court entered an order on February 9, 2022 dismissing this case with prejudice. (Docket No. 72.)[2]

Some nine months later, on October 31, 2022, James Blount one of the attorneys of record for Plaintiffs filed the Blount Motion seeking multiple kinds of relief, including: (i) relief from the final judgment to exercise jurisdiction over the settlement proceeds "that rightfully belong to the purported ward, Christopher French" (Docket No. 73-4 at 3); (ii) to strike the *pro hac vice* admissions of his co-counsel, Travis Berry, J. Richard Byrd, Sr., and John Byrd, Jr, based on their alleged wrongful actions taken on behalf of the guardianship estate (*id*. at 4-6); (iii) to amend the original complaint to name Christopher French in his individual undiminished capacity (*id*. at 6-7); (iv) for a preliminary injunction prohibiting the co-guardians from the alleged further dissipation of assets that rightfully belong to Christopher French (*id*. at 7-8); (v) for a writ of attachment on all property of any kind previously obtained by the purported guardians and (or) their attorneys in Arkansas with funds that Blount asserts rightfully belong to Christopher French (*id*. at 8-9); (vi) that the other co-counsel for Plaintiffs – Travis Berry, J. Richard Byrd, Sr., and John Byrd, Jr – be required to disgorge all fees and expenses related to this lawsuit paid from settlement proceeds and provide an accounting of all fees and expense reimbursements for which they received payment from the guardianship estate (*id*. at 9-12); (vii) that all filings made in connection with the litigation initiated by the Blount Motion be placed under seal (*id*. at 13); and, (viii) that all settlement funds, including disgorged fees and expenses, be deposited into the Court's registry (*id*. at 13.) Blount concurrently filed a petition in the Probate Division of the Howard County, Arkansas

---

[2] Importantly, there was no reservation in the order of this Court's jurisdiction over any aspect of the parties' settlement.

Circuit Court seeking essentially the same relief. (Docket No. 73-1.) Defendants filed a response in opposition to the Blount Motion (Docket No. 77), to which Blount filed a reply. (Docket No. 80.)

Blount's co-counsel, on behalf of Plaintiffs, filed a motion to strike the Blount Motion. (Docket No. 76.) Although no supporting memorandum of law was filed with the motion to strike, the motion pointed out factual issues and claimed misrepresentations in the Blount Motion. Blount also filed a response and an amended response in opposition to the motion to strike. (Docket Nos. 81 and 82.) Blount's co-counsel filed a reply and supporting memorandum. (Docket Nos. 83 and 84.)

On January 4, 2023, Plaintiffs' Arkansas counsel (Blount's co-counsel of record) filed a status report of the probate proceedings initiated by Blount in the Circuit Court of Howard County, Arkansas. (Docket No. 85.)[3] Following a contested hearing on or about December 14, 2022, at which Blount, his co-counsel in this case, the co-guardians of the person of Christopher French, a representative of the corporate guardian the estate of Christopher French, and Christopher French all appeared in person, the Howard County Circuit Court (Probate Division) denied the relief requested by Blount (*id*. at Exhibit F, pp. 72-76), finding, among other things, that (i) Blount was not authorized by the Howard County Circuit Court to act on behalf of the guardianship of the person and the estate of Christopher French because he was properly discharged by the co-guardians

---

[3] Plaintiffs' Arkansas counsel did not comply with the Court's requirements for electronic filing of a document with exhibits. TNMD User Manual for Case Management Electronic Case Filing System (CM/ECF), Chapter 5, Part II, B (Procedures for Filing Attachments or Exhibits), which mandates that exhibits be separately filed and briefly described for ease of reference and location. Instead, they filed a single document with embedded exhibits, which resulted in an unnecessary expenditure of judicial resources in locating referenced documents and information.

of the person of Christopher French and the guardian of the estate of Christopher French (*id*. at 73); (ii) the guardianship of the person and the estate of Christopher French was not void *ab initio*, as asserted by Blount (*id*.); (iii) a full inventory and accounting was properly filed by Community First Trust Company as the guardian of the estate of Christopher French (*id*.); (iv) no breach of fiduciary duties or mishandling of assets on the part of the guardians or the attorneys occurred (*id*. at 73-74); (v) all actions taken by the guardians were subject to prior approval of the Howard County Circuit Court and remain subject to such prior approval (*id*. at 74); (vi) the ward, Christopher French, after having been read his statement of rights in open court by Blount, confirmed his awareness of his rights and his wish to maintain the current guardians (*id*.); and, (vii) the requisite proof of incompetency of Christopher French was satisfied and the question of whether continued guardianship remains in Christopher French's best interests will be monitored by the Howard County Circuit Court, consistent with applicable Arkansas law (*id* at 74-75).

## LEGAL STANDARDS AND ANALYSIS

The Court has reviewed and considered all the filings in support of and in opposition to both pending motions. Because the issues raised in or implicated by the Blount Motion and the motion to strike overlap, the Court will address applicable arguments in explanation of the recommendations made below. While the issues raised in the two pending motions are convoluted and a bit rambling, the categorical relief requested by the Blount Motion can be characterized as (1) assumption by this Court of responsibility over the person of Christopher French and the assets provided for in the settlement agreement; (2) imposition of *de facto* sanctions against the Arkansas attorneys;

and (3) miscellaneous administrative relief. The specific responsibilities that the Blount Motion requests is for the Court to declare that Christopher French is competent and can proceed with an amended complaint in his own name, and to take control of the assets provided for in the settlement agreement, including by expressly exercising jurisdiction, issuing a preliminary injunction and a writ of attachment and requiring the deposit of all settlement funds into the Court's registry. The attorney sanctions requested in the Blount Motion include revocation of the Arkansas attorneys' *pro hac vice* admissions and disgorgement of any attorneys' fees and expenses related to the representation in the guardianship proceeding. Finally, the Blount Motion requests that the settlement agreement and any filings referencing the specific provisions of the settlement be placed under seal.

In response to the Blount Motion's request for this Court to exercise jurisdiction, Defendants contend that Blount has failed to demonstrate the requirements for relief under Rule 60(b)(6). (Docket No. 77.) Defendants also emphasize that Blount is not seeking to set aside the settlement agreement or the Court's order dismissing Plaintiffs' claims against Defendants with prejudice and offers no sound reason for this Court to upset the finality of the order dismissing this case upon the parties' settlement. In response, Blount confirms that the application of Rule 60(b) he seeks is "not for purposes of disturbing the enforcement of an executed settlement agreement, but for the Court to exercise its discretion and extend its authority over the distribution of settlement proceeds." (Docket No. 80 at 6.)

The parties have largely glossed over the very thorny issues of a court's post-dismissal jurisdiction to enforce settlement agreements and it is not up to the Court to

6

wade into that thicket to make the parties' arguments for them. In simplest terms, Blount has not shown any jurisdictional basis for the relief he requests. The Supreme Court has clearly stated that when the order disposing of litigation in the district court simply provides that the lawsuit is dismissed, which is precisely the circumstance here, that disposition is in no way affected by the alleged breach of a settlement agreement and the district court is without jurisdiction over post-dismissal disputes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).[4]

Blount contends that his intention is not to upset the settlement agreement but rather to simply to reopen the case under Rule 60(b) to pursue the different and additional relief he now seeks. The relevant provision of Rule 60(b) provides that

> [o]n motion and upon such terms as are just, the court may relieve a party of a party's legal representative from a final judgment, order, or proceeding for the following reasons: … (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6). Blount, as the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal citations omitted). Moreover, as the Sixth Circuit has expressly stated,

> relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.

---

[4] Further, Blount's insinuation that the settlement in this case was pursuant to a consent decree over which the Court automatically retains jurisdiction is factually and legally incorrect. A consent decree is a very particularized kind of settlement, usually, albeit not exclusively, of class action or constitutional disputes, which is expressly "subject to continued judicial policing." *Lorain NAACP v. Lorain Bd. of Educ.*, 979 F.2d 1141, 1148 (6th Cir. 1992) (citing *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). Here, there was no indication that the parties' settlement was intended to be a consent decree, if such a resolution was even legally or procedurally an option.

> This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.

*In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). Blount has failed to show the requisite extraordinary circumstances for application of Rule 60(b)(6) to set aside the dismissal order in this case.

As a preliminary consideration, it appears that Blount lacks authority to have filed the instant motion. According to a letter sent to Blount by the co-guardians of Christopher French, the actions taken by Blount were not at the direction of or with the approval of either the guardians of Christopher French or Christopher French. (Docket No. 82-1.) Plaintiffs further assert, without refutation by Blount, that the actions taken by Blount are in express disregard of the instructions of Christopher French, the appointed co-guardians of Christopher French's person, and Community First Trust, the appointed guardian of the estate of Christopher French. (Docket No. 84 at 2 and 4.)[5]

The substantial question about Blount's authority aside, the arguments he makes fall far short of clearly and convincingly showing extraordinary circumstances to set aside the dismissal in this case. Although convoluted, Blount's arguments essentially boil down to setting aside the order of dismissal because of purported improprieties in the

---

[5] Blount contends that he was ethically obligated to pursue the relief requested in his pending motion. To the extent that Blount was under any obligation to bring his concerns to the attention of appropriate tribunals – an issue about which the Court expresses no opinion – he has now done so.

original guardianship proceedings over the person and estate of Christopher French in probate court in Howard County, Arkansas. However, the concurrent proceedings in that court, based on exactly the same premises as Blount has raised in this case, compel this Court to refrain from taking any action and preclude the finding of extraordinary circumstances that would warrant relief under Rule 60(b)(6).

Multiple doctrines limit the exercise of this Court's jurisdiction and authority to decide the issues raised by Blount, including the probate exception and the *Colorado River* doctrine.[6] The so-called "probate exception" to federal jurisdiction is described by the Sixth Circuit as "a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Lepard v. NBD Bank, a Div. of Bank One*, 384 F.3d 232, 237 (6th Cir. 2004) (internal citation omitted). *See also Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006) (probate exception precludes federal

---

[6] Because it is not necessary to delve into the intricacies of the *Rooker-Feldman* doctrine, the Court will simply note that *Rooker-Feldman* may be an additional basis upon which to conclude this Court lacks jurisdiction – and therefore lacks a basis upon which to reopen this case – because Blount's claims necessarily, at least at this point, call for review of the Arkansas probate court's determination that those claims are without merit. *See e.g. Pennzoil Company v. Texaco, Inc.*, 481 U.S. 1, 25-26 (1987) (Marshall, J. concurring in judgment) (*Rooker-Feldman* would apply because Texaco's claims necessarily called for review of the merits of its state appeal). The *Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). *See also Carr v. Spencer*, 13 F.App'x 297-98 (6th Cir. 2001) (complaint seeking federal court review of a state court's guardianship judgment dismissed for lack of subject matter jurisdiction); *Geller v. Michigan*, No. CV 17-13233, 2019 WL 2150393, at *10–11 (E.D. Mich. Apr. 26, 2019), *report and recommendation adopted sub nom. Boucher v. Michigan*, No. 17-13233, 2019 WL 2143202 (E.D. Mich. May 16, 2019) (collection of cases discussing application of *Rooker-Feldman* doctrine).

courts from endeavoring to dispose of property that is in the custody of a state probate court); *Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007) (affirming that federal court has no jurisdiction over actions to invalidate a will or to reach the *res* subject to administration by the probate court); *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007) (claims that challenge the conduct and decisions of an administrator, which essentially seek to "remove the *res* over which a state court is exercising control," precluded by exception); *In re Gentry*, No. 09-36472, 2016 WL 4061248, at *9 (E.D. Mich. July 29, 2016) (allegations and claims by the beneficiaries of a trust against the trustees not properly before the federal court since the federal court would necessarily invade the state probate court's authority to internally administer the trust).[7] The relief Blount requests falls squarely within the probate exception to this Court's exercise of jurisdiction and therefore precludes application of Rule 60(b)(6) to reopen this case.

Even if the probate exception does not divest this Court of jurisdiction, the Court finds that the *Colorado River* doctrine warrants denial of Blount's motion due to the pendency (and now disposition) of parallel, identical proceedings in Howard County, Arkansas probate court. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-821 (1976). Because the relief requested by Blount in both this case and the pending

---

[7] In a later case, the Sixth Circuit held that "the probate exception does not divest a federal court of subject-matter jurisdiction unless a probate court is already exercising *in rem* jurisdiction over the property at the time that the plaintiff files her complaint in federal court." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 804 (6th Cir. 2015). Because Blount filed his motion while the Howard County, Arkansas probate court continued to assert *in rem* jurisdiction over the person and property in question, the probate exception precludes this Court from exercising the jurisdiction asserted by Blount, even under this more recent Sixth Circuit articulation of the probate exception.

guardianship action in Howard County, Arkansas probate court are virtually identical, the parallel proceedings consideration of the *Colorado River* doctrine is satisfied.[8]

In determining whether to decline to exercise jurisdiction under *Colorado River,* the Court must consider such factors as (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. 424 U.S. at 818–19. In the case before it, the *Colorado River* Court upheld the district court's order of dismissal, emphasizing the McCarran Amendments' policy of avoiding piecemeal adjudication of water rights in a river system. *Id.* at 819. In subsequent cases, the Supreme Court has identified at least four additional factors to be weighed in the balance. These include: (5) whether the source of governing law is state or federal, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23–26 (1983); (6) the adequacy of the state court action to protect the federal plaintiff's rights, *see id.* at 26–28; (7) the relative progress of the state and federal proceedings, *see id.* at 21–23; and (8) the presence or absence of concurrent jurisdiction, *see Will v. Calvert Fire Ins. Co.,* 437 U.S. 655 (1978). These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a given case" depending on the

---

[8] Admittedly, the Blount Motion requests slightly different additional relief here, for instance the filing of an amended complaint in the name of Christopher French. However, predicate to any consideration of the relief requested by Blount would be a determination of the validity of the probate court guardianship proceedings and the conduct of the guardians, which are issues squarely within the parameters of the *Colorado River* doctrine.

particular facts at hand. *Moses H. Cone,* 460 U.S. at 15–16. *See also Baskin v. Bath Tp. Bd. of Zoning Appeals,* 15 F.3d 569, 571 (6th Cir. 1994).

A careful balancing of the factors set forth by the Supreme Court requires the conclusion in this case that abstention, by denial of the Blount Motion, in deference of the parallel Howard County, Arkansas state court proceeding is warranted. Indeed, all the factors, weigh in favor of abstention. The Howard County, Arkansas probate court has jurisdiction over the guardianship proceeding for Christopher French, including over his person and over the property or *rem* that constitutes the guardianship estate. That proceeding predated this litigation and that court is more convenient for the parties. Any determination by this Court of the issues raised in the Blount Motion, which are identical (or substantially identical) to those also raised in the guardianship proceeding, would the epitome of piecemeal litigation. The issues raised in the Blount Motion are uniquely matters of state guardianship and probate law. Likewise, the Howard County, Arkansas probate court is uniquely situated and tasked with responsibility to protect the rights and interests of Christopher French as a ward of that court in the guardianship proceeding. The guardianship proceeding is ongoing, while this litigation has been dismissed. Because of the final order of dismissal, this Court arguably no longer has jurisdiction, including for the reasons discussed above. Accordingly, the balance of relevant *Colorado River* factors very strongly supports denial of the Blount Motion in deference to the state court guardianship proceeding.

Because it is recommended that the Blount Motion be denied and the order of dismissal left in place, it is not necessary to reach the specific additional relief requested

in the Blount Motion. Further, denial of the Blount Motion renders moot Plaintiffs' motion to strike, making it similarly unnecessary to address the merits of that motion.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

(i) the Blount Motion (Docket No. 73) be denied;

(ii) the motion to strike (Docket No. 76) be denied as moot; and,

(iii) if this report and recommendation is adopted, this case again be closed.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge